UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION (CLEVELAND)

| | |
|---|---|
| LANDRY SIMMONS,<br><br>    Plaintiff,<br><br>v.<br><br>WEBCOLLEX, LLC, d/b/a CKS FINANCIAL,<br><br>    Defendant. | ) CIVIL COMPLAINT<br>)<br>)<br>)<br>) CASE NO. 1:19-cv-290<br>)<br>)<br>)<br>) **JURY DEMAND**<br>) |

## COMPLAINT

Now comes LANDRY SIMMONS ("Plaintiff"), complaining as to the conduct of WEBCOLLEX, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, and the Ohio Consumer Sales Practices Act ("CSPA") under R.C. 1345.02 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. § 1692, as well as 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Northern District of Ohio and a substantial portion of the events or omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff is a natural person residing within the Northern District of Ohio.

5. Defendant is a debt collector registered as a Limited Liability Company in Virginia.

6. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

7. Plaintiff is employed as a Deputy Sheriff in Cleveland.

8. In January and February of this year, an employee of Defendant, in an attempt to collect upon a purported debt allegedly owed by Plaintiff, has been calling the "Sheriff Operations" line of the Cleveland Sheriff's Department.

9. The debt is purportedly for the purchase of consumer goods.

10. Plaintiff, as well as Plaintiff's coworkers, have informed Defendant's employee that she is not permitted to call the "Sheriff Operations" line.

11. This line is reserved for special emergencies, such as health issues of prison inmates.

12. Defendant's employee, however, has continued to call the "Sheriff Operations" line.

13. When Defendant's employee has called, she has stated to Plaintiff's employees that she must speak with Plaintiff about a "financial matter."

14. This has caused Plaintiff humiliation in his place of work.

15. When Defendant's employee has spoken to Plaintiff, she has told him that he needs to "handle his business."

16. Plaintiff has not received, and on information and belief Defendant has not mailed, any notices to Plaintiff in the mail regarding his purported debt.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

17. Plaintiff realleges the paragraphs above as though fully set forth herein.

18. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

19. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of its business is the collection of debts, and because it uses the instrumentalities of interstate commerce to do so. In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

20. The subject debt is a "debt" as defined by FDCPA § 1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes, namely a debt for personal goods.

**Violations of FDCPA § 1692c**

[ 3 ]

21. The FDCPA, pursuant to 15 U.S.C. § 1692c(a), prohibits a debt collector from communicating with a consumer "at any . . . time or place known . . . to be inconvenient to the consumer."

22. Further, 15 U.S.C. § 1692(a)(3) prohibits "communicating with a consumer in connection with the collection of any debt . . . at the consumer's place of employment if the debt collectors knows or has reason o know that the consumer's employer prohibits the consumer from receiving such communication."

23. Defendant violated these provisions when it continued to contact Plaintiff during her working hours at her workplace after Plaintiff (and Plaintiff's coworkers) informed Defendant that this was not permitted.

24. The FDCPA, pursuant to 15 U.S.C. § 1692c(b), prohibits a debt collector from "communicat[ing], in connection with the collection of any debt, with any person other than the consumer, his attorney, [or] a consumer reporting agency."

25. Defendant violated § 1692c(b) when it communicated about Plaintiff's alleged "financial matter" with his coworkers.

### Violations of FDCPA § 1692d

26. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequences of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits "causing a telephone to ring or engaging any person in telephone

[ 4 ]

conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

27. Defendant violated § 1692d when it continuously called Plaintiff after being notified to stop.

### Violations of FDCPA § 1692f

28. The FDCPA, pursuant to 15 U.S.C. § 1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

29. Defendant violated § 1692f when it unfairly and unconscionably attempted to collect on a debt by tying up an emergency police phone line, putting the health and safety of the community in jeopardy.

### Violations of FDCPA § 1692g

30. The FDCPA, pursuant to 15 U.S.C. § 1692g, mandates that a debt collector shall "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt . . . send the consumer a written notice."

31. Defendant violated 15 U.S.C. § 1692g when it failed to send a written notice to Plaintiff within five days of its initial contact.

### COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

32. Plaintiff realleges the paragraphs above as though fully set forth herein.

33. R.C. 1345.09(B) grants Plaintiff a private right of action for damages where the Defendant has violated R.C. 1345.02, and "[w]here the violation was an act or practice determined by a court of this state to violate section 1345.02 . . . of the Revised

[ 5 ]

Code and committed after the decision containing the determination has been made available for public inspection."

34. The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

35. Defendant is a "supplier" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016).

36. Defendant's acts were committed in connection with a "consumer transaction" because it was collecting on a loan for living expenses.

37. Defendant has committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), by engaging in acts and practices in violation of the FDCPA as set forth above.

38. Thus, Defendant has violated R.C. 1345.02.

39. Violating the enumerated provisions of the FDCPA is an act or practice previously determined by Ohio courts to violate R.C. 1345.02. *See, e.g., Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

40. Such decisions have been made available for public inspection. *See, e.g.*, Ohio Attorney General Public Inspection File #2653, *available at* http://opif.ohioattorneygeneral.gov/opifimages/PIF2653.pdf.

41. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation in the amount of $200 per violation, plus up to $5,000 in noneconomic damages per violation, plus reasonable attorney fees. R.C. 1345.09(B) & (F).

WHEREFORE, Plaintiff respectfully requests judgment as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages up to $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

e. Awarding Plaintiff $200 in statutory damages and up to $5,000 in noneconomic damages per violation of the CSPA;

f. Awarding Plaintiff attorney fees together with an appropriate multiplier for time expended pursuing her CSPA claims;

g. Awarding any other relief this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED**

Dated: February 7, 2019

[ 7 ]

By: s/ Jonathan Hilton
Jonathan Hilton (0095742)
HILTON PARKER LLC
10400 Blacklick-Eastern Rd NW, Ste. 110
Pickerington, OH 43147
Tel: (614) 992-2277
Fax: (614) 427-557
jhilton@hiltonparker.com
*Attorney for Plaintiff*
